UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE JOSEPH CLARK,

    Petitioner,                              Case No. 05-CV-71043-DT

v.

KURT JONES,

    Respondent.
_____/

**ORDER DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER**

Petitioner Dale Joseph Clark, presently confined at the Newberry Correctional Facility in Newberry, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction on one count of receiving and concealing stolen property with a value equal to or greater than $1,000.00 but less than $20,000.00,[1] one count of felon in possession of a firearm,[2] possession of marijuana,[3] and being a fourth felony habitual offender.[4]  Respondent, through the Michigan Attorney General's Office, has filed an answer, contending in part that the petition should be dismissed because Petitioner failed to properly exhaust the claims contained in his petition with the state courts.  Respondent has not addressed the merits of Petitioner's claims in its answer.  For the reasons stated below,

---

[1] Mich. Comp. Laws § 750.535(3)(a); Mich. Stat. Ann. 28.803(3)(a).

[2] Mich. Comp. Laws § 750.224f; Mich. Stat. Ann. 28.421(6).

[3] Mich. Comp. Laws § 333.7403(2)(d); Mich. Stat. Ann. 28.14.15 (7403)(2)(d).

[4] Mich. Comp. Laws § 769.12; Mich. Stat. Ann. 28.1084.

Respondent's request to dismiss Petitioner's habeas petition on exhaustion grounds will be denied. The court will further order Respondent to file a supplemental answer addressing the merits of Petitioner's claims within sixty days of the court's order. In addition, the court will order Respondent to submit to the court any Rule 5 materials which have already not been provided at the time that it files its answer.

Petitioner was convicted of the offenses detailed above following a jury trial in the Saginaw County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Clark,* No. 240139 (Mich. Ct. App. October 2, 2003); *leave to appeal denied at* 682 N.W. 2d 98 (Mich. 2004); *reconsideration denied at* 688 N. W. 2d 83 (Mich. 2004).

Petitioner has now filed the instant petition in which he seeks habeas relief on the following grounds:

> I. Mr. Clark was denied the effective assistance of counsel where trial counsel allowed prior bad acts testimony to go before the jury, instead of offering to stipulate to Mr. Clark's prior felony convictions.
>
> II. The trial court abused its discretion when it denied counsel's motion to withdraw, at the behest of Mr. Clark, thus violating Mr. Clark's Sixth Amendment right to counsel.
>
> III. When the trial court departed from the statutory sentencing guidelines without offering "substantial and compelling" reasons, trial and appellate counsels' failure to object denied Mr. Clark the effective assistance of counsel.
>
> IV. Counsel provided ineffective assistance when it failed to properly advise Mr. Clark regarding a possible plea.

Respondent contends that all of Petitioner's claims are unexhausted because they were never presented on Petitioner's appeal before the Michigan Court of Appeals, being raised instead for the first time before the Michigan Supreme Court. Petitioner, on the other hand, argues in his application for habeas relief that his claims are properly

exhausted, because the Michigan Supreme Court granted his motion to add these new issues as part of his *pro se* application for leave to appeal to the Michigan Supreme Court.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990); *Welch v. Burke,* 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). As a general rule, if a habeas petitioner fails to present claims on his direct appeal to the Michigan Court of Appeals, the subsequent presentation of the issues to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

In this case, however, Petitioner filed a motion to add his ineffective assistance of counsel claims for consideration by the Michigan Supreme Court in his *pro se* application for leave to appeal. The Michigan Supreme Court granted his motion and permitted him to add these new claims. The Michigan Supreme Court denied leave to appeal in its standard unexplained one sentence order.

In *Boles v. Foltz*, 559 F. Supp. 1302, 1304 (E.D. Mich. 1983), another judge in this district held that the fact that one of the habeas petitioner's claims had not been raised as a separate issue in the Michigan Court of Appeals before the issue was presented to the Michigan Supreme Court did not preclude the finding that petitioner had exhausted his state remedies with respect to that claim. In so ruling, the court noted that although this issue was not raised before the Michigan Court of Appeals, the claim was presented in a supplemental brief which the Michigan Supreme Court permitted the petitioner to file. The court also noted that the Michigan Supreme Court order which denied petitioner leave to appeal did not specifically state why relief was being denied. Given the "ambiguity" of the Michigan Supreme Court's order, the fact that petitioner was allowed to file a "reply" brief raising that particular issue, and that the facts underlying this claim had been presented to both the trial court and the Michigan Court of Appeals in connection with the petitioner's challenge to the admission of his confessions, the court concluded that the petitioner had properly exhausted his state court remedies. *Boles,* 559 F. Supp. at 1304.

Likewise, in *McWilson v. Foltz,* 793 F. 2d 1292, 1986 WL 16246, at * 2 (6th Cir. May 2, 1986), the Sixth Circuit held that an issue had been exhausted by a habeas petitioner when the Michigan Supreme Court granted the petitioner leave to add issues and then denied the petitioner's requested remand to the Michigan Court of Appeals for delayed consideration of the issue.

More recently, another judge in this district relied on the holdings of *Boles* and *McWilson* to conclude that a habeas petitioner had properly exhausted his claims when he was given permission by the Michigan Supreme Court to raise additional claims in

his *pro se* application for leave to appeal. *See Marcicky v. Renico,* U.S.D.C. 00-10462-BC, at *5 (E.D. Mich. June 11, 2002).

The court concludes that Petitioner has fairly presented his claims to the state courts, in order to satisfy the exhaustion requirement for federal habeas review.  First, the Michigan Supreme Court gave Petitioner permission to raise these additional claims with that court in his *pro se* application for leave to appeal.  Secondly, the Michigan Supreme Court did not indicate in its order denying the application for leave to appeal the reasons why relief was being denied to Petitioner.

The court will therefore order the Respondent to file a supplemental answer to the habeas petition within 60 days of the Court's order.  A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition.  *See Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998).  The court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to a habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.  In this case, Respondent merely asked the court to dismiss the habeas petition on exhaustion grounds without addressing the merits of Petitioner's claims.  An answer to a habeas petition is not like an answer to a civil complaint.  It should respond to the allegations of the habeas petition. *Ukawabutu,* 997 F. Supp. at 608-09; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996) (a motion to dismiss is generally not the appropriate pleading in response to a petition for writ of habeas corpus; an appropriate response is an answer which responds to each allegation contained in a habeas petition).  Thus, unless a court grants a respondent leave to file a motion to dismiss, an answer to a habeas petition should

respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609.  The practice of filing "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with the fundamental principles of efficient case management.  *Id.* at 607.

The court also orders Respondent to provide any of the Rule 5 materials which it has not already provided at the time it files its answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished.  *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.  Accordingly,

IT IS ORDERED that Respondent file a supplemental answer to Petitioner's Petition for Writ of Habeas Corpus addressing the merits of Petitioner's claims within **sixty days** of the court's order and submit to the court any additional Rule 5 materials

which have not already been provided to the court at the time that Respondent files its answer. To the extent that Respondent's answer constitutes a motion to dismiss the petition, it is denied.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: December 8, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 8, 2005, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522