**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DALE JOSEPH CLARK,

      Petitioner,

v.                                Case No. 05-CV-71043-DT

KURT JONES,

      Respondent,

_____/

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

      Petitioner Dale Joseph Clark, presently confined at the Newberry Correctional

Facility in Newberry, Michigan, seeks the issuance of a writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction on

one count of receiving and concealing stolen property with a value equal to or greater

than $1,000.00 but less than $20,000.00,[1] one count of felon in possession of a

firearm,[2] possession of marijuana[3] and being a fourth felony habitual offender.[4]   For the

reasons stated below, the petition for writ of habeas corpus will be denied**.**

---

[1] Mich. Comp. Laws § 750.535(3)(a); Mich. Stat. Ann. 28.803(3)(a).

[2] Mich. Comp. Laws § 750.224f; Mich. Stat. Ann. 28.421(6).

[3] Mich. Comp. Laws § 333.7403(2)(d); Mich. Stat. Ann. 28.14.15 (7403)(2)(d).

[4] Mich. Comp. Laws § 769.12; Mich. Stat. Ann. 28.1084.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in Saginaw County Circuit Court.  Petitioner was acquitted of first-degree home invasion, conspiracy to commit first-degree home invasion and second-degree home invasion charges.  The charges against Petitioner and his co-defendant Justin John Reinke arose out of two home invasions which took place in January of 2001.  Jewelry, firearms, money and electronic equipment were taken from the homes.

Before trial, Petitioner's second attorney asked the court to allow him to withdraw per Petitioner's request.  The court denied the request.  At trial, Petitioner's parole agent testified, in support of the fourth habitual offender charge, that Petitioner had previously been convicted of breaking and entering, possession with intent to deliver marijuana, and another controlled substances charge and was on parole when the crimes charged took place.

Petitioner was originally sentenced to fifteen to twenty years.  The Court later corrected the sentence to fifteen to twenty five years.  Petitioner's conviction was affirmed on appeal.  *People v. Clark,* No. 240139, slip op. (Mich. Ct. App. Oct. 2, 2003), *leave to appeal denied at* 682 N.W.2d 98 (Mich. 2004), *reconsideration denied at* 688 N.W.2d 83 (Mich. 2004).

In the instant petition Petitioner seeks habeas relief on the following grounds: (1) Mr. Clark was denied the effective assistance of counsel where trial counsel allowed "prior bad acts" testimony to go before the jury, instead of offering to stipulate to Mr. Clark's prior felony convictions; (2) the trial court abused its discretion when it denied counsel's motion to withdraw, at the behest of Mr. Clark, thus violating Mr. Clark's Sixth

2

Amendment right to counsel; (3) when the trial court departed from the statutory

sentencing guidelines without offering "substantial and compelling" reasons, trial and

appellate counsels' failure to object denied Mr. Clark the effective assistance of counsel;

and (4) counsel provided ineffective assistance when it failed to properly advise Mr.

Clark regarding a possible plea.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect
to any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of
the United States; or

(2)    resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362,

405-06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly."  *Id.* at 410-11.

3

**III. DISCUSSION**

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance.  *Id.*  In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy.  *Id.* at 689.  Second, the defendant must show that such performance prejudiced his defense.  *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel.  *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).  A petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim if the state court's rejection of the claim was a reasonable application of *Strickland.  See Welch v. Burke,* 49 F. Supp. 2d 992, 1010 (E.D. Mich. 1999).

As the court previously noted in its "Order Directing Respondent to File A Supplemental Answer," Petitioner's ineffective assistance of counsel claims were never presented on Petitioner's appeal before the Michigan Court of Appeals.  Instead, Petitioner raised these claims for the first time in a motion to add his ineffective assistance of counsel claims for consideration by the Michigan Supreme Court.  The

4

2:05-cv-71043-RHC-WC   Doc # 36   Filed 01/29/07   Pg 5 of 14   Pg ID 943

Michigan Supreme Court granted his motion and permitted him to add these new claims, but denied leave to appeal in its standard unexplained one sentence order.

When a defendant presents a claim to a state appellate court, and the appellate court affirms the conviction without an opinion, a federal court should presume that the appellate court considered the constitutional claim and decided it on the merits. *Galvin v. Kelly,* 79 F. Supp. 2d 265, 274 (W.D.N.Y. 2000) (citing to *Parron v. Quick,* 869 F. 2d 87, 90 (2nd Cir. 1989)). This court therefore must assume that the Michigan Supreme Court considered, and rejected, Petitioner's ineffective assistance of counsel claims on the merits.

When a state court has not articulated its reasoning when denying a constitutional claim, however, a federal habeas court is obligated to conduct an independent review of the record and applicable law and determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F. 3d 940, 943 (6th Cir. 2000). That independent review, however, is not a full *de novo* review of the claims, but remains deferential because a habeas court cannot grant relief unless the state court decision is not in keeping with the AEDPA's strictures. *Id.* Thus, where a state court decides a constitutional issue by form order or without an extended discussion, as was the case here, a habeas court should focus on the result of the state court's decision, applying the aforementioned standard. *Id.* at 943 n.1; *Hastings v. Yukins,* 194 F. Supp. 2d 659, 668 (E.D. Mich. 2002).

5

## A.  Stipulation

Petitioner first contends that trial counsel was ineffective for failing to offer to stipulate to the fact of Petitioner's prior felony convictions that served as the predicate offenses for his felon in possession of a firearm conviction, thus, allowing Petitioner's parole agent to testify about the nature of Petitioner's prior felony convictions.

Even if possible trial strategic reasons[5] were ignored and defense counsel not afforded the ordinary presumption of competence for failing to stipulate to the fact of prior convictions, Petitioner cannot show that he was prejudiced by counsel's failure to stipulate, so as to support an ineffective assistance of counsel claim, in light of the substantial evidence against him in this case.  *See Carter v. United States,* 133 F. App'x 321, 325 (7th Cir. 2005); *see also United States v. Miller,* 985 F. Supp. 1284, 1287 (D. Kan. 1997).  Also, counsel's failure to stipulate to the existence of prior convictions did not prejudice Petitioner, in light of the trial court's limiting instruction to the jury.  The trial court told the jury that it could only consider Petitioner's prior felony convictions for purposes of the felon in possession of a firearm charge and could not

---

[5] Among such strategies might have been a general reluctance to appear to have "gone along with" the prosecution rather than requiring it to fully meet its burden of proof.  Also, that a witness may appear with only incomplete records or recollection–or not show up at all–is a reasonably well-known possibility in the annals of trial practice; it is not unusual that a trial attorney is caught short in the midst of his case.  Finally, defense counsel might have reasonably thought that the prosecution could not be required to accept such a stipulation, and might press on with evidence of the previous similar felonies as relevant 404(b) "other acts" proof for its case in chief: "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the [g]overnment chooses to present it."  *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997).  A Rule 403 balancing test may have been needed to determine whether the "probative value" of admitting evidence to prove the prior conviction would have outweighed the prejudicial effect the evidence may have on the jury.  Fed. R. Evid. 403; *Old Chief,* 519 U.S. at 185.

6

use the prior convictions for any other purpose.  (12/06/01 Trial Tr. at 109.)

Furthermore, because the jury acquitted him on the first-degree home invasion,

conspiracy to commit first-degree home invasion and second-degree home invasion

charges, it can be reasonably inferred that the jury did not consider these prior felony

convictions other than to establish the prior-conviction element of the felon in

possession of a firearm allegation.  *See e.g. United States v. Woodard,* 64 F. App'x 4,

5-6 (9th Cir. 2003).  Finally, in light of the fact that Petitioner elected to testify at trial

and included information concerning his prior felony convictions, he cannot show that

he was prejudiced by counsel's failure to stipulate to the prior convictions coming into

evidence. *United States v. Snead,* 67 F. Supp. 2d 1064, 1078 (C.D.S.D. 1999).

## B.  Withdrawal

Petitioner next claims that the trial court abused its discretion when it denied

Petitioner's second court-appointed attorney's motion to withdraw as counsel without

first inquiring as to the reasons for his dissatisfaction with counsel.  "A defendant is

required to show good cause for a request to substitute counsel and to do so in a

timely manner."  *See United States v. Williams,* 176 F. 3d 301, 314 (6th Cir. 1999).  In

determining whether a court abuses its discretion in denying a motion for substitute

counsel, a reviewing court should consider the timeliness of the motion, the adequacy

of the trial court's inquiry into the defendant's complaint, whether the conflict between

the attorney and the client is so great that it resulted in a total lack of communication

which prevented an adequate defense and a balancing of these factors with "the

public's interest in the prompt and efficient administration of justice."  *Id. (citing United

States v. Jennings*, 83 F. 3d 145, 148 (6th Cir. 1996)).

7

There is "no mechanistic constitutional requirement" that a trial court conduct an extensive inquiry into the reasons why a defendant wishes to discharge his counsel when the defendant offers no specific complaints concerning his lawyer's representation. *See Flowers v. Fair,* 680 F. 2d 261, 262 (1st Cir. 1982). Moreover, when a request for substitution of counsel is made, a trial court need only make formal inquiries into requests which are "seemingly substantial" on their face. *See Colon v. Smith,* 723 F. Supp. 1003, 1010 (S.D.N.Y. 1989). In this case, Petitioner merely contacted his counsel's office and asked that counsel withdraw from the case. Because counsel's comments to the court did not identify any specific reason to appoint substitute counsel for Petitioner, the trial court's failure to make a full inquiry into this matter was not erroneous. *See United States v. Sullivan,* 431 F. 3d 976, 981 (6th Cir. 2005).

Moreover, if the reasons proffered for the substitution of counsel are insubstantial and the defendant receives competent legal representation at trial, a court's failure to inquire sufficiently or to inquire at all constitutes harmless error. *See U.S. v. John Doe No. 1,* 272 F. 3d 116, 123 (2nd Cir. 2001); *United States v. Wilhite,* 108 F. App'x 367, 369-370 (6th Cir. 2004) (applying harmless error standard to the denial of the motion for the substitution of counsel). As discussed in greater detail in this opinion, Petitioner's ineffective assistance of trial counsel claims are without merit.

Finally, the denial of Petitioner's motion for the substitution of counsel did not violate his constitutional rights to effective assistance of counsel because Petitioner has presented no specific facts showing that his relationship with his court-appointed counsel had disintegrated into irreconcilable conflict or that communication between

8

Petitioner and his court-appointed counsel had broken down irretrievably.  *See Mack v. Singletary,* 142 F. Supp. 2d 1369, 1377-78 (S.D. Fla. 2001).  In the present case, the facts fail to show an irreconcilable conflict resulting in a total lack of communication which prevented an adequate defense.  The Michigan Supreme Court's denial of Petitioner's claim regarding his motion for substitute counsel was neither contrary to, nor an unreasonable application of, clearly established federal law.  *See Lacy v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000).

### C.  Sentencing

Petitioner next contends that trial counsel was ineffective for failing to object to the trial court's departure above the sentencing guidelines range of 22 to 76 months when it did not have substantial and compelling reasons to do so.  Petitioner further claims that appellate counsel was ineffective for failing to raise the guidelines departure claim on direct appeal.

A defendant has a constitutional right to the effective assistance of counsel at sentencing.  *Arredondo v. United States,* 178 F. 3d 778, 788 (6th Cir. 1999) ("[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel.").  With respect to a defendant's efforts to demonstrate prejudice arising from ineffective assistance of counsel in the context of a noncapital sentencing, a habeas court must determine whether there is a probability that, but for counsel's deficiency, the defendant's sentence would have been "significantly less harsh."  *United States v. Walker*, 68 F. 3d 931, 934 (5th Cir. 1995).

9

In the present case, the trial court indicated that there were a number of facts that were not reflected in the guidelines that justified an upward departure from the sentencing guidelines. The trial court noted Petitioner's "long and substantial criminal history." (02/27/02 Sent. Tr. at 37.) The trial court indicated that the crimes were committed just two months into Petitioner's parole, Petitioner had been involved in a nearly unbroken chain of criminal conduct since his first juvenile offense in 1986 and Petitioner had violated parole on numerous occasions. (*Id.*) Petitioner had also failed two substance abuse treatment programs. (*Id.*) Petitioner slashed the face of a fellow inmate while awaiting trial in this matter and set fire to his jail cell. From these and other instances, Petitioner had been characterized, charitably, as a "significant management problem" at the jail. (*Id.* at 39.) The trial court further noted that Petitioner was disruptive during trial. (*Id.* at 40.) The trial court indicated that Petitioner's crime involved dispersing stolen firearms into the community. (*Id.*) Finally, the trial court concluded that Petitioner had no prospect for rehabilitation. (*Id.*)

Under Mich. Comp. Laws § 769.34(3), a trial court must provide substantial and compelling reasons for departing from state sentencing guidelines. To constitute a substantial and compelling reason for departing from the guidelines, a reason must be objective and verifiable, must irresistibly attract the attention of the court, and must be of considerable worth in deciding the length of the sentence. *People v. Babcock,* 666 N.W.2d 231, 237 (Mich. 2003) (internal citations omitted). A sentencing court may base a departure from the sentencing guidelines on a characteristic already taken into account by the sentencing guidelines if the court finds that the characteristic was given inadequate or disproportionate weight. *See People v. Jackson,* 707 N.W.2d 597, 598

10

(Mich. 2006).  Although a trial court is required to articulate a substantial and compelling reason to justify a departure from the sentencing guidelines, "the trial court is not required to use any formulaic or 'magic' words in doing so." *Babcock,* 666 N.W.2d at 238 n.13.  Finally, in deciding whether to depart from the sentencing guidelines range, a trial court must determine whether considering an allegedly substantial and compelling reason "would contribute to a more proportionate criminal sentence than is available within the guidelines range." *Id.* at 241.  "[I]n other words, if there are substantial and compelling reasons that lead the trial court to believe that a sentence within the guidelines range is not proportionate to the seriousness of the defendant's conduct and to the seriousness of his criminal history, the trial court should depart from the guidelines." *Id.*  Finally, an appellate court in Michigan must accord the trial court some degree of deference regarding a departure from the sentencing guidelines, because of the trial court's familiarity with the facts and its experience in sentencing, and because the trial court is better situated than the appellate court to determine whether a departure is warranted in a particular case. *Id.* at 243.

In the present case, the trial court judge articulated numerous objective and verifiable reasons on the record why he thought that an upward departure from the sentencing guidelines range was justified.  In light of the strong evidence that justified an upward departure from the sentencing guidelines range, even if trial counsel was deficient for failing to object to the upward departure at sentencing, and appellate counsel was deficient for failing to raise the issue before the Michigan Court of Appeals, Petitioner was not prejudiced by this alleged deficiency. *Cf. United States v. Meeker,* 411 F. 3d 736, 746 (6th Cir. 2005) (finding that the defendant was not

11

prejudiced by the district court's allegedly deficient notice of its intent to depart from the sentencing guidelines range, where the evidence supporting an upward departure was irrebuttable).

Petitioner further claims that either trial counsel or appellate counsel should have raised a challenge to the trial court's guidelines departure based on *Blakely v. Washington,* 542 U.S. 296 (2004). Because *Blakely* was decided after Petitioner's sentencing and his appeal by right with the Michigan Court of Appeals had concluded, the failure of Petitioner's trial and appellate counsel to raise objections based on Blakely did not constitute deficient assistance of counsel. *See Nelson v. U.S.,* 406 F. Supp. 2d 73, 75 (D.D.C. 2005).

### D.  Plea

Finally, Petitioner contends that he was deprived of the effective assistance of counsel because his first attorney failed to properly advise him regarding a possible plea. On the fifth day of trial, Petitioner asked his trial counsel to bring up some handwritten motions that Petitioner wished to have raised. Petitioner interrupted trial counsel and asked to speak to the court directly. During the colloquy, Petitioner informed the trial court that at the beginning of the proceedings, the prosecutor had offered to allow him to plead guilty to one charge of second-degree home invasion with a sentence agreement of a thirty seven month sentence, in exchange for dismissal of the remaining charges. Petitioner told the court that his first attorney never informed him that he was going to be charged with being a fourth felony habitual offender. Petitioner told the court that had he been aware that he was going to be charged with being a fourth habitual offender, he would have pleaded guilty.

12

A defendant who claims that he was denied effective assistance of counsel with regard to whether or not to plead guilty must prove that: (1) counsel rendered constitutionally deficient performance and (2) there is a reasonable probability that but for counsel's deficient performance, the defendant would have pled guilty. *Humphress v. United States,* 398 F. 3d 855, 859 (6th Cir. 2005). A habeas petitioner's testimony, however, by itself, would be subjective, self-serving, and insufficient to satisfy the *Strickland* standard for proving this type of claim. *Turner v. State of Tennessee*, 858 F. 2d 1201, 1206 (6th Cir.1988), *vacated on other grounds*, 492 U.S. 902 (1989).

As an initial matter, Petitioner has failed to present any credible evidence that his first attorney failed to adequately advise him about the plea offer and the consequences of going to trial. Petitioner's self-serving statements that he was not properly advised as to the benefits of taking the plea offer are insufficient to prove that counsel failed to properly advise him concerning whether or not he should plead guilty. *See Jackson v. United States,* 248 F. Supp. 2d 652, 655-56 (E.D. Mich. 2003).

Moreover, Petitioner was not prejudiced by counsel's alleged failure during plea negotiations to advise him properly about his possible sentence exposure as an habitual offender if he went to trial. In light of the fact that Petitioner consistently asserted his innocence at trial, the court may infer he would not have entered a plea. *Humphress,* 398 F. 3d at 859. This is particularly so in this case, where Petitioner testified under oath at trial that he was innocent and "unequivocally and categorically denied that he committed any of the charged offenses." *Jackson,* 248 F. Supp. 2d at 657. Accordingly, Petitioner is not entitled to habeas relief on this claim.

13

**IV.  CONCLUSION**

IT IS ORDERED that the Petitioner's March 16, 2005 "Petition for Writ of Habeas

Corpus" [Dkt. #1] is DENIED.

s/Robert H. Cleland                    
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, January 29, 2007, by electronic and/or ordinary mail.

s/Lisa Wagner                        
Case Manager and Deputy Clerk
(313) 234-5522